LEMUEL CROSSMAN & another vs. CHARLES A. GRIGGS.

Norfolk.   March 14, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Lis Pendens.*

Where a plaintiff, after bringing an action at law, begins by writ a suit in equity involving the same claims, and is allowed to amend his suit in equity into an action at law in which he obtains a finding, and at first is awarded the full amount of his claim, but later is allowed to discontinue his action as to certain items which are in excess of the *ad damnum* of his writ, and the finding is reduced to the sum named in the writ, the plaintiff still may recover in his first action at law the items as to which he has discontinued his second action amended from the suit in equity.

CONTRACT for certain amounts of money.   Writ dated August 20, 1898.

On the date of the writ the plaintiffs attached real estate of the defendant and placed keepers in possession of personal property.   The keepers remained in possession until August 30, 1898.   The writ was·returned to the court on its return day, without service upon the defendant, but on the return day a declaration was filed and the case was entered.   In December, 1903, no further proceedings having been had, an order was issued for further service upon the defendant, and service thereupon was made in accordance with the order.

On August 30, 1898, the personal property attached by the plaintiffs under their writ in this action was again attached by a writ dated August 30, 1898, having an *ad damnum* of $25,000, which last named writ was taken out in a suit in equity begun in the Superior Court for the County of Norfolk.   See *Crossman v. Griggs, ante,* 156.

The bill in equity was prosecuted through its various stages to consideration by this court, where it was ordered dismissed with costs to the defendant.   After the rescript ordering that the bill be dismissed was entered in the Superior Court and before a decree in extended form was spread upon the records, the plaintiffs by leave of court amended the suit in equity into

an action at law and filed a declaration in that case, including among other things the counts and claims involved in this action. That case, as amended into law, came up before *Bell*, J., sitting with a jury, but, as there was no dispute in regard to the facts, the jury were not impanelled and, after certain arguments on questions of law, the judge found for the plaintiffs in the sum of $28,949.88, on all the counts in their declaration. This finding being in excess of the *ad damnum* of the writ in the suit in equity amended into law, the plaintiffs, before judgment, by leave of court voluntarily discontinued as to certain counts of their declaration, and the judge thereupon amended his findings by omitting therefrom the amounts claimed on the counts as to which the plaintiffs had discontinued. To this discontinuance and to the amendment of the finding of the judge the defendant made no objection by exception or appeal or otherwise.

The plaintiffs thereupon discontinued in this action begun on August 20, 1898, as to certain items which were included in the amended finding of the judge in the suit in equity as amended into law. Thereafter in the declaration in this action there remained certain counts which originally had been included in the declaration in the action amended from equity, but which because of the discontinuance in that action had not been included in the amended finding therein.

Thereafter, the defendant having filed an answer, this action came on for trial before *Bond*, J. The plaintiffs offered evidence which tended to prove the facts necessary to establish the counts remaining in their declaration, and the defendant, not disputing these facts, offered in defence the proceedings in the equity suit which had been amended into law, and requested the following rulings:

" First. That the plaintiffs cannot maintain this action in this form at this time and in this manner, because there is an action already pending between the same parties for the same cause concerning the same subject matter in the same court as appears in case No. 590, Crossman *et al. v.* Griggs, on the record of this court.

" Second. That the plaintiffs cannot maintain this action because, having joined the counts relied on herein with other counts in an action brought in this court after the finding of

this action and having obtained finding thereon and voluntarily discontinuing as to the counts alleged on in this action, their proper remedy was to have moved for an increase of the *ad damnum* in case No. 590, as above referred to instead of discontinuing as was done, and because of the rule against the multiplicity of suits.

" Third. Because it appears that all the issues joined in this case have been adjudicated in case No. 590 on the record of the court above referred to."

The judge refused to rule as requested. He found for the plaintiffs in the sum of $4,743.99; and the defendant alleged exceptions.

*V. Goldthwaite*, for the defendant.

*J. B. Studley*, (*G. R. Nutter* with him,) for the plaintiffs.

KNOWLTON, C. J. The first request for a ruling was rightly refused. The cause of action referred to was not then involved in the other action. The counts presenting it in that action had been discontinued by leave of the court, without objection by the defendant, and the findings in that case were upon the other counts which did not include this cause of action. For the same reason the second and third requests for rulings were refused rightly.

*Exceptions overruled with double costs.*